


FILED
AUG 14, 2008
Aug 14, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel. ) | |
| ) | 08cv4637 |
| ANDREW ENGLESMAN #A58057 ) | JUDGE PALLMEYER |
| ) | MAG. JUDGE DENLOW |
| PETITIONER ) | |
| ) | |
| vs. ) | |
| ) | |
| TERRY McCANN ) | |
| Warden, Stateville Correctional Center ) | |
| Joliet, Illinois ) | |
| ) | |
| RESPONDENT ) | Case Number of State Court Conviction: |
| ) | |
| ) | 87CF156 |

## PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: Eleventh Judicial Circuit, Livingston County, Illinois

2. Date of judgment of conviction: April 29, 1988

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)

   Attempt Murder and Unlawful Use of Weapon by a Felon, under Indictment 87 CF 156

4. Sentence(s) imposed: 30 years in the Illinois Department of Corrections on the Attempt Murder concurrent to 30 years in the Illinois Department of Corrections on the Unlawful Use of Weapon by a Felon

5. What was your plea? (Check one)   (A) Not guilty    ( )
   (B) Guilty        (X)
   (C) Nolo contendere ( )

   If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

Revised: 7/20/05

**PART I – TRIAL AND DIRECT REVIEW**

1. Kind of trial: (Check one):    Jury ( )    Judge only ( )

2. Did you testify at trial?    YES ( )    NO ( )

3. Did you appeal from the conviction or the sentence imposed?   YES ( )   NO ( X )

    (A) If you appealed, give the

        (1) Name of court: _____

        (2) Result: _____

        (3) Date of ruling: _____

        (4) Issues raised: _____

    (B) If you did not appeal, explain briefly why not:

    At the time of plea, and for the time allotted for appeal subsequent to the plea, Andrew Englesman was ingesting a steady dose of pain and psychotropic medication to treat both physical ailments and mental disorders. As a result, Englesman was in an incoherent state of mind, and unable to assist in his own defense.

4. Did you appeal, or seek leave to appeal, to the highest state court?   YES ( )   NO ( X )

    (A) If yes, give the

        (1) Result: _____

        (2) Date of ruling: _____

        (3) Issues raised: _____

    (B) If no, why not:    No appeals were made in the immediate aftermath of Englesman's guilty plea because Englesman was not thinking rationally due to his medicated state.

5. Did you petition the United States Supreme Court for a writ of *certiorari*?   Yes ( )   No ( X )

    If yes, give (A) date of petition: _____  (B) date *certiorari* was denied: _____

**PART II – COLLATERAL PROCEEDINGS**

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

    YES ( X )   NO ( )

    With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

    A. Name of court: Eleventh Judicial Circuit Court in Livingston County

    B. Date of filing: February 20, 2007

    C. Issues raised: Due process rights violation and ineffective assistance of counsel

Revised: 7/20/05

D. Did you receive an evidentiary hearing on your petition?    YES ( )   NO ( X )

E. What was the court's ruling?    Dismissed petition

F. Date of court's ruling:   February 26, 2007

G. Did you appeal from the ruling on your petition?    YES ( X )   NO ( )

H. (a)   If yes, (1) what was the result?   Appellate Court of Illinois, Fourth District, affirmed the Circuit Court's dismissal of the post-conviction petition.

    (2) date of decision:   December 31, 2007

(b)   If no, explain briefly why not: _____

I. Did you appeal, or seek leave to appeal this decision to the highest state court?

YES ( X )   NO ( )

(a)   If yes, (1) what was the result?   Petition for Leave to Appeal denied.

    (2) date of decision:   March 26, 2008

(b)   If no, explain briefly why not: _____

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES ( )   NO ( X )

A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

1. Nature of proceeding        _____
2. Date petition filed         _____
3. Ruling on the petition      _____
4. Date of ruling              _____
5. If you appealed, what was the ruling on appeal?   _____
6. Date of ruling on appeal    _____
7. If there was a further appeal, what was the ruling?   _____
8. Date of ruling on appeal    _____

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?   YES ( )   NO ( X )

A. If yes, give name of court, case title and case number: _____

B. Did the court rule on your petition? If so, state

  (1) Ruling: _____

  (2) Date: _____

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition? YES ( )  NO ( X )

If yes, explain: _____

## PART III – PETITIONER'S CLAIMS

1. State <u>briefly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

 (A) Ground one: Andrew Englesman was not competent to enter a guilty plea at the time of the change of plea hearing.

  Supporting facts (tell your story <u>briefly</u> without citing cases or law):

On the date he pled guilty to attempt murder and unlawful use of weapon by a felon, Andrew Englesman was under the influence of both psychotropic and pain medication. Specifically, Englesman ingested six doses of Valium prior to changing his plea to guilty on the morning of April 29, 1988. Additionally, Englesman was taking Sinequan, Xanax, Librium, and Vistaril subsequent to his change of plea, all of which have mind-altering effects. Englesman was in excruciating pain that morning, and irrationally changed his plea in an attempt to allay his misery. He had a chipped L-4 vertebrae in his back, and the waist chain utilized by the Illinois Department of Corrections in transporting Englesman to court caused extreme and unbearable pain. Englesman told his public defender to enter a guilty plea because he felt at that point that another trip to court would kill him.

During the change of plea hearing, the court never inquired whether Englesman was under the influence of any drugs. Moreover, defense counsel neglected to inform the court that his client had taken pain and pychotropic medication moments before the hearing. As a result, Andrew Englesman did not make a knowing and intelligent guilty plea, and was convicted at a time when he was not competent. Due to Englesman's altered state, he did not have a rational understanding of the proceedings against him. Tellingly, the record shows that Englesman had to be reminded by the circuit court judge that he even had a plea agreement in place – Englesman did not remember at the time. Andrew Englesman's right to due process of law was violated at the change of plea hearing.

 (B) Ground two: Andrew Englesman's trial counsel provided ineffective assistance of counsel.

  Supporting facts:

Trial counsel was aware that Englesman had a history of psychological problems and was taking psychotropic and pain medication at the time he pled guilty. However, counsel failed to bring these facts to the Court's attention, and neglected to request a competency hearing. Had a hearing been held, there is a strong likelihood that Englesman would have been held unfit to proceed with the change of plea. Trial counsel's performance was deficient, and Englesman was prejudiced in that he was denied a fair trial with a reliable result. Englesman had wholeheartedly planned on taking these charges to trial prior to the morning of April 29, 1988. He irrationally changed his mind in an effort to eliminate the pain he experienced each time he traveled to and from court. By failing to make even a minimal investigation into Englesman's mental health, and failing to request a competency hearing, trial counsel's performance was deficient and caused prejudice to Englesman.

 (C) Ground three _____
  Supporting facts:

Revised: 7/20/05

2. Have all grounds raised in this petition been presented to the highest court having jurisdiction?
   YES ( X )   NO ( )

3. If you answered "NO" to question (2), state briefly what grounds were not so presented and why not:

_____

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (A) At preliminary hearing     David Ahlemeyer

    (B) At arraignment and plea    David Ahlemeyer

    (C) At trial

    (D) At sentencing            David Ahlemeyer

    (E) On appeal

    (F) In any post-conviction proceeding

    (G) Other (state):

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO ( X )

Name and location of the court which imposed the sentence: _____

Date and length of sentence to be served in the future _____

    WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: *August 13, 2008*
        (Date)

*William S. Stanton*
Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

*Andrew Eagleman*
(Signature of petitioner)

*A-58057*
(I.D. Number)

*Box 112 Joliet, Ill. 60434*
(Address)